IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BERTA R. VALENZUELA, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> WALMART, INC. and § <br> WAL-MART STORES TEXAS, LLC § <br> D/B/A WAL-MART STORES § <br> TEXAS 2007, LLC § <br> *Defendants* § | CIVIL ACTION NO. 5:18-cv-444 <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Berta R. Valenzuela, complaining of Defendants, Walmart, Inc. and Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC and in support thereof would respectfully show the Court as follows:

### I. VENUE AND JURISDICTION

1. Plaintiff, Berta R. Valenzuela, (hereafter "Plaintiff Carrillo") is a resident of the State of Texas.

2. Defendant, Walmart, Inc. (hereinafter "Defendant Walmart"), is a corporation formed in and under the laws of the State of Delaware, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. Defendant, Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC (hereinafter "Defendant Walmart"), is a corporation formed in and under the laws of the State of Delaware, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Service of

citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The incident, which is the subject of this complaint, occurred in the County of Nueces, State of Texas.

## II. NATURE OF THE CASE

6. On or about June 7, 2016, Plaintiff, Berta R. Valenzuela, was an invitee on Defendants' premises, shopping at the Wal-Mart Supercenter Store #3888 store located at 11210 Potranco Rd., San Antonio, Texas 78253. While Plaintiff was at the photo center processing photos, she sat on a stool that was directly in front of the computer kiosk when the stool broke causing her to fall backwards causing her to hit her head and thus causing her serious bodily injuries.

## III. CAUSES OF ACTION
### WALMART, INC. AND WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC

### COUNT I: PREMISES LIABILITY

7. The allegations alleged in paragraph 1-5 are realleged and are incorporated herein by reference.

8. At all times relevant hereto, Plaintiff had the status of an invitee and customer on Defendants' premises, as a lawful, paying guest of the store.

9. Defendants owed the Plaintiff a duty to use ordinary care to keep the premises in a reasonably safe condition, including the duty to protect invitees and customers from unreasonable risks of harm or to warn them of the risks so they could avoid them.

10. At the time the Plaintiff, Berta R. Valenzuela, entered the premises, there existed a condition on Defendants' premises that posed an unreasonable risk of harm to its patrons, including the Plaintiff.

11. The Defendants' knew or should have known of the dangerous condition in the store. The Defendants had a duty to use ordinary care to ensure the premises did not present a danger to its invitees, including the Plaintiff. This duty includes but is not limited to the duty to inspect and the duty to warn. The Defendants breached the duty of ordinary care by failing to inform the Plaintiff of the dangers.

12. The Defendants' breach of its duties proximately caused the injuries to the Plaintiff, Berta R. Valenzuela.

### COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE

13. Plaintiff alleges that the Defendants are owners of the premises in question, by and through its agents, servants, and employees, was negligent in that it owed Plaintiff a duty to make the premises reasonably safe for business invitees and in particular, Berta R. Valenzuela, which negligence proximately caused the injuries and damages to Berta R. Valenzuela. Defendants breached that duty in one or more of the following ways which include but are not limited:

    A. Failing to warn invitees of the possible presence of unsecured items falling from upper shelves;

    B. Failing to maintain the premises of the store in a reasonably safe condition for its business invitees; and

    C. Failing to make the premises safe for those invitees;

    D. Failing to exercise reasonable care to protect invitees against danger, in violation of Restatement (Second) of Torts §343 (1965), which constitutes negligence *per se.*

14. Each of the above acts of omission and commission, singularly or collectively, constituted negligence and/or negligence *per se* which proximately caused

the occurrence made the basis of this action and Plaintiff's actual damages.

15. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### IV. LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

16. At the time of her injuries, Plaintiff, Berta R. Valenzuela, was in reasonably good health with a normal life expectancy.

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C. Loss of earnings in the past.

    D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E. Mental anguish in the past.

    F. Mental anguish in the future, which will in all probability, be incurred in the future.

    G. Pecuniary loss in the past.

    H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

    I. And all other legal damages and just and right compensation as allowed both in law and in equity.

18. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

19. Plaintiff, Berta R. Valenzuela requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

### JURY DEMAND

20. Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
**ggowan@gelawfirm.com**